UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-6536 FMO (SSCx)** | Date | **July 22, 2026** |
| Title | **Gurdeep Dhillon v. Ford Motor Company** | | |

| | |
|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge |

| | | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
| None Present | None Present |

**Proceedings: (In Chambers) Order Remanding Action**

On May 18, 2026, Gurdeep Dhillon ("plaintiff") filed a complaint in the Los Angeles County Superior Court ("state court") against Ford Motor Company ("defendant"), asserting warranty claims pursuant to the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq. (See Dkt. 1, Notice of Removal ("NOR") at 2); (Dkt. 1-1, Complaint at ¶¶ 26-66). On June 16, 2026, defendant removed the action on the basis of diversity jurisdiction. (See Dkt. 1, NOR at 2-4). Defendant determined that the court had diversity jurisdiction "based on its own investigation[.]" (Id. at 2).

Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 9, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569-70 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that

removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" For purposes of diversity jurisdiction, a natural person is a citizen of the state in which she has her domicile, i.e., her "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); see also Lew v. Moss, 797 F.2d 747, 749-50 (noting a person's domicile is the "location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.") (internal quotation marks and alteration omitted). Determining a person's domicile "involves a number of factors[,]" Lew, 797 F.2d at 750, including: (1) current residence; (2) voting registration and voting practices; (3) location of personal and real property; (4) location of brokerage and bank accounts; (5) location of spouse and family; (6) membership in unions and other organizations; (7) place of employment or business; (8) driver's license and automobile registration; and (9) payment of taxes. Id. No single factor is determinative. Id.

Here, as noted above, defendant removed the action based on diversity jurisdiction "based on its own investigation[.]" (See Dkt. 1, NOR at 2); (id. at 2-4). With respect to diversity of the parties defendant cited to the Complaint's allegation that plaintiff resided in California. (See id. at 3); (citing Dkt. 1-1, Complaint at ¶ 1). However, "the diversity jurisdiction statute . . . speaks of citizenship, not of residency[,]" so "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." In re Anthem, Inc., 129 F.Supp.3d 887, 893 (N.D. Cal. 2015) (quoting Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001)). Allegations of residency are insufficient to establish citizenship, and defendants' "failure to specify Plaintiffs' state citizenship [i]s fatal to Defendants' assertion of diversity jurisdiction." Kanter, 265 F.3d at 858; see, e.g., Hester v. NDEX West LLC, 2016 WL 7167898, *2-3 (C.D. Cal. 2016) ("[R]esidence is not the same as citizenship. Therefore, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship."); Glassical Creations, Inc. v. Canter, 2015 WL 4127912, *5 (C.D. Cal. 2015) ("It is possible that the defendants are residents of California, since the property in question is located in California and they are alleged to be in possession of it.

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-6536 FMO (SSCx)** | Date | **July 22, 2026** |
| Title | **Gurdeep Dhillon v. Ford Motor Company** | | |

Even if this is the case, a party's residence does not determine his or her citizenship for purposes of diversity jurisdiction. [¶] The court therefore cannot exercise diversity jurisdiction over the action."). Moreover, in opposition to the instant Motion, defendant merely pointed to its customer communications log and records reflecting plaintiff had a mailing address in California. (See Dkt. 10, Opposition to Motion for Remand at 4). Defendant did not attempt to grapple with the factors courts use to determine a person's citizenship. (See, generally, id.); see Lew, 797 F.2d at 750.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for diversity jurisdiction. [2]

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand **(Document No. 9)** is **granted**.

2. The above-referenced action shall be **remanded** to the Superior Court of the State of California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

00 : 00

Initials of Preparer vdr

[2] Based on this determination, the court need not consider whether defendant showed that the amount in controversy exceeded the jurisdictional threshold.